UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN W. DORN III,

                                      Plaintiff,

v.                                                       Civil Action No. _____

KIRSCHENBAUM & PHILLIPS, P.C., and
ARROW FINANCIAL SERVICES, LLC,

                                      Defendant.

---

### COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff John Dorn is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Kirschenbaum & Phillips, P.C., (hereinafter "Kirschenbaum") is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant Arrow Financial Services, LLC., (hereinafter "Arrow") is a foreign limited liability corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. Defendants regularly attempt to collect debts alleged to be due another.

8. That at all times relevant herein, Kirschenbaum acted as agent for Arrow.

9. That all of the acts of Kirschenbaum alleged herein were done within the scope of their agency relationship with Arrow.

10. The acts of the Defendants alleged hereinafter were performed by their employees acting within the scope of their actual or apparent authority.

11. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

12. That Plaintiff incurred a credit card debt to Washington Mutual. This debt will be referred to as "the subject debt."

13. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

14. That Plaintiff thereafter defaulted on the subject debt.

15. That in or about August 2008, Plaintiff settled the subject debt with Valentine and Kebartas, Inc., who was the authorized representative of the then current creditor, Credit Max.

16. That subsequent to the above-mentioned settlement in 2008, Defendant Arrow allegedly obtained ownership of the settled account and hired Tate & Kirlin Associates, Inc., to collect on the subject debt. Plaintiff informed Defendant Arrow, and their agents at Tate & Kirlin, that the subject debt had been settled, but Defendants continued with their collection efforts. Plaintiff brought an action in the Western District of New York bearing index number 09-cv-1070 against Defendant Arrow and their agent Tate & Kirlin for violations of the FDCPA

17. That despite notice of the then pending lawsuit brought by Plaintiff, Defendant Arrow continued their collection efforts and hired a new agent, Defendant Kirschenbaum & Phillips, P.C., to collect on the subject debt.

18. That in or about January 2010, Defendant Kirschenbaum began contacting Plaintiff in an attempt to collect the subject debt. In one such contact Plaintiff informed Defendant Kirschenbaum that the subject debt had already been settled, and that Plaintiff and Defendant Arrow were currently engaged in litigation over the matter. Defendant Kirschenbaum told Plaintiff they knew nothing about a settlement, and that status of the account from Defendant Arrow stated it was still open for collection.

19. That Plaintiff then amended his complaint to include an additional claim against Arrow for continuing to pursue collection activities while a lawsuit was pending.

20. That the Plaintiff eventually reached an agreement with both Arrow and Tate & Kirkland and settled the matter.

21. That despite Plaintiff informing Defendant Kirschenbaum that the underlying debt had long been settled and that the matter was being litigated, Defendant Kirschenbaum has continued to collect on the subject debt.

22. That upon information and belief, both Defendants Arrow and Kirschenbaum had notice of the original settlement of the debt and then the subsequent filing of a lawsuit against Arrow for attempting to collect on the settled subject debt.

23. That in or about August 2010, Defendant Kirschenbaum contacted Plaintiff. In the subject conversation Plaintiff again informed Defendant that the subject debt had already been paid, and requested that Defendant stop contacting him. Defendant Kirschenbaum then stated that if Plaintiff didn't pay he would be sued. Plaintiff understood Defendant's aforementioned statement, and the "least sophisticated consumer", as that term is defined by law, would have understood said statement to imply that Defendant would commence legal/adverse actions against Plaintiff or his property, unless Plaintiff submitted to Defendant's demands. Plaintiff gave Defendant the name and contact information of his attorney, and stated that all calls concerning the collection of the subject debt should be directed to his attorney. Despite Plaintiff's statements Defendant Kirschenbaum continued to contact Plaintiff in an attempt to collect the subject debt.

24. That on or about October 7, 2010, Plaintiff received a letter from Defendant Kirschenbaum. In the subject letter Defendant Kirschenbaum attempted to collect the subject debt, and offered Plaintiff a settlement. Defendant Kirschenbaum further stated that "upon receipt of the above payment, the above referenced account will be deemed settled and this office shall prepare a stipulation of discontinuance or a satisfaction of judgment, if applicable." Plaintiff understood Defendant's aforementioned statement, and the "least sophisticated consumer", as that term is defined by law, would have understood said statement to imply that Defendant had commenced legal/adverse actions against Plaintiff or his property, and would continue to do so, unless Plaintiff submitted to Defendant's demands. Despite said statement, Defendant had not commenced legal action against Plaintiff.

25. All the acts alleged herein occurred within twelve months of filing of this complaint. Defendant Kirschenbaum escalated their collection efforts, contacting Plaintiff multiple times per week, often leaving messages in an attempt to collect the subject debt.

26. That as a result of Defendants' acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT TWO
(Intentional Infliction of Emotional Distress Claim)

27. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 26 of this complaint.

28. Upon information and belief, Defendant Arrow acted with malice, insult, and reckless disregard for the rights of Plaintiff.

29. Upon information and belief, Defendant Arrow conduct as alleged in this complaint was intentionally and maliciously done with the intent of inflicting emotional distress on Plaintiff.

30. That as a result of the Defendant Arrow's conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to extreme emotional distress.

## V. CAUSE OF ACTION

31. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26 above.

32. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692c(a)2 and 15 U.S.C. §1692d by contacting Plaintiff after knowing Plaintiff was represented by an attorney. The natural consequence of continuing to contact Plaintiff was to harass, oppress, and abuse the Plaintiff.

    B. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating to Plaintiff that if he didn't pay he would be sued as described in paragraph 21. Plaintiff understood Defendants' aforementioned statement, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendants would commence legal/adverse actions against Plaintiff or his property, unless Plaintiff submitted to Defendants' demands. Despite said statements, Defendants had neither the legal authority nor the legal intent to take such action.

    C. Defendants violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), and 15 U.S.C. §1692e(10) by misrepresenting that Plaintiff still owed the subject debt and that Defendants had commenced legal action against Plaintiff as described in paragraph 21, by stating "upon receipt of the above payment, the above referenced account will be deemed settled and this office shall prepare a stipulation of discontinuance or a satisfaction of judgment, if applicable." Plaintiff understood

      Defendants' aforementioned statement, and the "least sophisticated consumer", as that term is defined by law, would have understood said statements to imply that Defendants had commenced legal/adverse actions against Plaintiff or his property, and would continue to do so unless Plaintiff submitted to Defendants' demands. Despite Defendants' statement, Defendants had not commenced any legal/adverse action against Plaintiff, nor did they intend to. Said statement was a false, deceptive, and misleading representation in an attempt to collect the subject debt.

    D. Defendants violated 15 U.S.C. §1692d, 15 U.S.C. §1692f, and 15 U.S.C. §1692f(1) by attempting to collect an amount not permitted by law because Plaintiff no longer owed the subject debt. Attempting to collect a debt that was no longer owed by Defendant was an unfair and unconscionable means to attempt to collect the subject debt. The natural consequence of such action was to harass, oppress, and abuse the Plaintiff.

33. That Defendant Arrow is vicariously liable for all of the acts of Kirschenbaum herein pursuant to the laws of agency.

34. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: December 16, 2010

/s/ Seth J. Andrews
Kenneth R. Hiller, Esq.
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com
